UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Barbara DuBose,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Hilton Grand Vacations Club, LLC; et al.,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00648-GMN-DJA<br><br>**Report and Recommendation** |

　　　　This is an employment action arising out of Plaintiff's allegations that her coworkers discriminated against and harassed her on the basis of her race and sex. Plaintiff moves to amend her complaint to add the individual in charge of training her—Marivic Aldaya—as a defendant. (ECF No. 14). Hilton Grand Vacations Club, LLC opposes the amendment, asserting that Plaintiff makes it solely to defeat diversity. (ECF No. 16). Because the Court finds that Plaintiff is seeking to amend her complaint solely to defeat diversity, it recommends denying her motion to amend (ECF No. 14) and her concurrently-filed motion to remand (ECF No. 13).

**I.　　Background.**

　　　　Plaintiff filed her complaint initially in state court and amended it once, also in state court. (ECF No. 1-3). Hilton removed that amended complaint to federal court. (ECF No. 1). In Plaintiff's first amended complaint, she alleges that, while employed with Hilton, Hilton's "Marketing Executive , Mar[i]vic (Last Name Unknown)" and Plaintiff's coworker "Bobby (Last Name Unknown)" touched her inappropriately and made racist comments to her. (ECF No. 1-3). When Plaintiff reported the treatment to Hilton's Human Resources Department, Hilton relocated Plaintiff to a worse location and then eventually fired her. (*Id.*). Hilton later rehired Plaintiff, but after Plaintiff complained again about Aldaya's behavior, Hilton again fired her. (*Id.*). Plaintiff did not name either Bobby or Aldaya as defendants or allege any claims against them in her first amended complaint. (*Id.*).

In her motion to amend, Plaintiff argues that "during the early course of discovery, [she] has been able to identify the sexual harasser identified within the body of her complaint…" (ECF No. 14). Plaintiff asserts that she "seeks to file this Motion to Amend Complaint in response to her discovery of her harasser's full name and her current status as a citizen of the state of Nevada. Simultaneous with the filing of this Motion to Amend Complaint, Plaintiff will file a Motion to Remand." (*Id.* at 6).

Hilton responds that Plaintiff's proposed amendment is solely for the purpose of defeating jurisdiction and asks that the Court deny it. (ECF No. 16). Hilton points out that Plaintiff's proposed amendment does not make any substantive changes to the complaint because Plaintiff does not allege any new facts or new claims for relief against Aldaya. (*Id.* at 3). Hilton points out that Plaintiff also failed to update her existing claims for relief to make any specific allegations against Aldaya. (*Id.*). Instead, the only changes Plaintiff makes to her complaint are to add Aldaya to the caption, allege that Aldaya is a resident of Clark County, and add Aldaya's last name to certain of the allegations that previously stated "(Last Name Unknown)." (*Id.*).

For the first time in reply, Plaintiff attaches an updated proposed amended complaint adding claims against Aldaya to "address[] Defendant's assertions concerning the lack of claims against Ms. Aldaya and her inclusion into the Proposed Second Amended Complaint as a means of defeating diversity jurisdiction." (ECF No. 21 at 2). Plaintiff adds that she did not delay in adding Aldaya. (*Id.* at 3). However, Plaintiff does not identify when she learned of Aldaya's full name.

**II.     Discussion.**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In a case in federal court on the basis of diversity jurisdiction, the addition of a diversity-destroying defendant would

require remand. 28 U.S.C. § 1332(a); 28 U.S.C. § 1447(e); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

The permissive standard of Federal Rule of Civil Procedure ("Rule") 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, and within twenty-one days after service of a responsive pleading. However, "the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11–04551 AHM FFMX, 2012 WL 751919, at *1 (C.D. Cal. 2012); *see, e.g.*, *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D. Cal. 1999); *see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendments are analyzed under § 1447(e) and require higher scrutiny than does amendment generally). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The district court has discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal–Mart Stores, Inc.*, No. 2:12–cv–1650–JCM-PAL, 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002)).

Here, Hilton removed this action to federal court on the basis of diversity jurisdiction. (ECF No. 1). So, Plaintiff's proposed amendment, which would add a diversity-destroying

defendant, would require remand if granted.  As a result, the Court applies the analysis set forth in 28 U.S.C. § 1447(e).  Analyzing these factors, the Court finds that they weigh in favor of denying the motion to amend and denying the motion to remand.

### A. *Whether Aldaya is needed for just adjudication.*

A party is required under Federal Rule of Civil Procedure 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Here, the Court can accord complete relief among the existing parties—Plaintiff and Hilton—without the addition of Aldaya.  Even if the Court were to consider Plaintiff's updated amended complaint—improperly attached for the first time to her reply—the only claim that Plaintiff alleges against both Aldaya and Hilton is intentional infliction of emotional distress.  The remainder of her claims are against either Aldaya or Hilton, not both.  And Plaintiff has not argued that she will be unable to adjudicate her intentional infliction of emotional distress claim, or any other claim, without Aldaya's participation in this lawsuit as a defendant.  The Court thus finds that this factor weighs in favor of denying Plaintiff's motion to amend her complaint and motion to remand.

### B. *Whether the statute of limitations would prevent Plaintiff from filing a new action against Aldaya in state court.*

Plaintiff alleges that Aldaya's actions took place between September 16, 2021 and July of 2022 and then again on September 6, 2022.  The statute of limitations for intentional infliction of emotional distress is two years.  Nev. Rev. Stat. 11.190(4)(e).  The statute of limitations for assault and battery—the claims Plaintiff improperly raises for the first time in reply—is also two years.  *Id.*  Plaintiff may thus still raise her claims against Aldaya in state court if the Court does not permit Plaintiff to add Aldaya here.  This factor weighs in favor of denying Plaintiff's motion to amend her complaint and motion to remand.

### C. Whether there has been an unexplained delay in joining Aldaya.

Although Plaintiff asserts that she was only able to join Aldaya when she learned of Aldaya's last name, Plaintiff's delay is unexplained. Plaintiff was capable of naming Aldaya as a Doe defendant when she first brought her complaint and was capable of bringing her claims against Aldaya at that time. But she did not. This is despite the fact that Plaintiff included facts related to Aldaya in her original complaint and the only information she was missing was Aldaya's last name. It is also unclear why Plaintiff was not able to determine Aldaya's last name sooner. Indeed, Plaintiff asserts that Aldaya was the individual responsible for training her and that she worked with Aldaya at Hilton for over a year. And Plaintiff does not explain at all what steps she took to try and discover Aldaya's last name, including contacting former coworkers or looking Aldaya up online.[1] Moreover, Hilton points out that *Plaintiff* disclosed Aldaya's full name as early as April 8, 2024 in her initial disclosures. This factor weighs in favor of denying Plaintiff's motion to amend her complaint and motion to remand.

### D. Whether Plaintiff seeks to join Aldaya solely to defeat federal jurisdiction.

Although Plaintiff asserts that she is not seeking to join Aldaya solely to defeat federal jurisdiction, the circumstances of her amendment indicate otherwise. As outlined above, Plaintiff has not attempted before now to bring these claims against Aldaya, even as a Doe defendant. This is despite the fact that Plaintiff included facts regarding Aldaya in her original complaint. Additionally, Plaintiff has included facts about her other coworker—Bobby—but has not made any attempts to include him as a defendant. Plaintiff's motion to amend her complaint also explicitly states she seeks to amend her complaint to allege Aldaya's status as a Nevada citizen and that Plaintiff sought remand along with her proposed amendment. Finally, as Hilton points out, Plaintiff's proposed amendment initially included no new claims against Aldaya. It was not

---

[1] Hilton points out that it was readily able to find this information in a Google search. (ECF No. 14 at 9). The Court does not find one way or the other regarding the merits of this search. However, the Court notes that, in response, Plaintiff asserts that a Google search could have resulted in naming the wrong defendant. But Plaintiff does not point to any other efforts she took to verify who her harasser was or why a Google search would not have helped her narrow that down.

until Hilton argued that Plaintiff appeared to be joining Aldaya solely to defeat federal jurisdiction that Plaintiff added additional claims for the first time in reply. This factor weighs in favor of denying Plaintiff's motion to amend her complaint and motion to remand.

### E.   Whether denial of the joinder would prejudice Plaintiff.

The Court finds that denial of the joinder would not prejudice Plaintiff because Plaintiff can bring her claims against Aldaya in state court. This is particularly true because, other than Plaintiff's intentional infliction of emotional distress claim, Plaintiff's claims against Aldaya do not overlap with her claims against Hilton. And the statute of limitations, although looming, has not passed for Plaintiff's claims. This factor weighs in favor of denying Plaintiff's motion to amend her complaint and motion to remand.

### F.   The strength of the new claims against Aldaya.

As Hilton points out, in Plaintiff's amended complaint attached to her motion, Plaintiff does not allege any specific claims against Aldaya. (ECF No. 14-1). Instead, Plaintiff simply names Aldaya in the caption and adds her last name to certain factual allegations. So, it is not clear if Plaintiff's original amended complaint successfully alleged any claims against Aldaya.

Even if the Court were to consider Plaintiff's updated amendment and find that those claims were meritorious, this factor alone would not tip the scales in Plaintiff's favor. As outlined above, each of the other factors weighs in favor of denying amendment and denying remand. And just because Plaintiff might have a meritorious claim against Aldaya does not, on its own, justify Plaintiff bringing them here.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend her complaint (ECF No. 14) be **denied.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for remand (ECF No. 13) be **denied.** The Clerk of Court is kindly directed to send Plaintiff a copy of this recommendation.

///

///

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 27, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE