UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Barbara DuBose,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Hilton Grand Vacations Club, LLC,<br><br>　　　　　Defendant. | Case No. 2:24-cv-00648-GMN-DJA<br><br>**Order** |

　　　　Before the Court is Defendant Hilton Grand Vacations Club, LLC's brief regarding sanctions related to Plaintiff's failure to attend the Early Neutral Evaluation and the subsequent show cause hearing before the Honorable Magistrate Judge Maximiliano D. Couvillier (ECF No. 36), Defendant's motion to extend time (ECF No. 38), and Defendant's motion for sanctions regarding Plaintiff's failure to respond to discovery requests (ECF No. 39).[1]  Plaintiff has not responded to any of these filings.  Because the Court finds that Defendant has shown good cause for extending discovery in this matter, the Court grants Defendant's motion to extend time.  (ECF No. 38).  Because the Court finds that sanctions are warranted, but that there are lesser sanctions than dismissal available at this stage, the Court grants in part and denies in part Defendant's motion for sanctions and requests for sanctions related to the Early Neutral Evaluation.  (ECF Nos. 36, 39).

**I.　　Background.**

　　　　This is an employment discrimination case arising out of Plaintiff's employment with Defendant between September 16, 2021 and October 1, 2022.  (ECF No. 1-3 at 5-6).  Defendant

---

[1] Because Defendant has filed both a brief regarding sanctions related to the Early Neutral Evaluation (ECF No. 36) and a motion for sanctions related to discovery (ECF No. 39), Judge Couvillier has referred the Early Neutral Evaluation Sanctions issue to the undersigned magistrate judge to handle all sanctions issues in a single order.

removed this action on April 3, 2024.  (ECF No. 1).  The case was then scheduled for an Early Neutral Evaluation set to take place on July 9, 2024 in front of Judge Couvillier.  (ECF No. 7).  Plaintiff's counsel withdrew their representation of her on June 20, 2024.  (ECF No. 24).

On July 3, 2024, Judge Couvillier entered a minute order noting that Plaintiff had failed to submit her confidential settlement statement.  (ECF No. 28).  As a result, Judge Couvillier vacated the July 9, 2024 Early Neutral Evaluation and converted it to a status hearing.  (*Id.*).  Plaintiff did not appear for the status hearing.  (ECF No. 29).  But later that evening, Plaintiff emailed Defendant's counsel regarding her discovery responses and explained the following:

> Currently, I'm with child and expecting my delivery very soon.  I do apologize for my lateness but my child will be delivered very soon.  It was a happy surprise as I didn't find out until later on which is why I've been unavailable.
>
> I do need an extension on the interrogatories and to seek counsel.  Can we extend this until the end of October if possible?
>
> Again, I apologize for my late response but I'm at the doctor most of the time with the baby being due soon.
>
> Please do let me know if we can extend it and I'll put you in touch with my new counsel once I have obtained legal representation.

(ECF No. 38-3 at 3).

Because Plaintiff did not appear at the July 9, 2024 status conference, Judge Couvillier entered an order for Plaintiff to appear at a hearing on August 8, 2024 to show cause why sanctions should not issue.  (ECF No. 30).  A few hours before the hearing, Plaintiff responded to an email from Defendant providing her with Defendant's notice of non-opposition that it filed related to Defendant's motion to extend time (ECF Nos. 32, 33).  (ECF No. 36-3 at 2).  In her email, Plaintiff stated:

> I see the motion was filed without mention of me being pregnant and having a C-Section which is not allowing me to show up in court today.
>
> The motion reads as if I'm evading the court when in fact I was a High Risk Pregnancy.  Nor do I have clearance from my doctor to do anything but heal for the next 6-8 weeks.

> Please advise and amend the motion to include my reasoning of why I am unable to show up in court due to my child's birth. Also, my new council [sic] hasn't been assigned yet but I'll put them in touch with you once it is finalized.
>
> Again, I'm not ignoring you but I'm healing from a serious surgery to get my child delivered safely along with assigning new council [sic].

(ECF No. 36-3 at 2).[2]

Plaintiff failed to appear at the show cause hearing. (ECF No. 35). Judge Couvillier thus found sanctions to be appropriate and ordered Defendant to file a brief regarding Federal Rule of Civil Procedure 16(f) sanctions in response to Plaintiff's non-compliance with the settlement conference orders and process. (*Id.*). Defendant filed that brief, requesting case terminating or monetary sanctions under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(vii), on August 29, 2024. (ECF No. 36). Plaintiff did not respond to that brief. (ECF No. 37).

On September 16, 2024, Defendant filed a motion to extend time, seeking to extend discovery deadlines by sixty days due to Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 38). Defendant also moved for case terminating sanctions or to compel Plaintiff to respond to its discovery requests under Federal Rule of Civil Procedure 37 for Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 39). Plaintiff did not respond to either motion. (ECF Nos. 40, 41).

## II.     Sanctions.

Defendant moves for case terminating or monetary sanctions under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(vii) for Plaintiff's failure to attend the Early Neutral Evaluation and for Plaintiff's failure to obey the Court's orders related to that Early Neutral Evaluation. (ECF No. 36). Defendant also moves for case terminating sanctions or to compel Plaintiff to respond to discovery under Federal Rule of Civil Procedure 37 for Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 39).

---

[2] Other than these two emails, Defendant explains that Plaintiff has not responded to its counsel's other emails and has not answered Defendant's counsel's phone calls. (ECF No. 39-3).

The rules governing Defendant's brief regarding Plaintiff's failure to appear at the Early Neutral Evaluation provide as follows.  Federal Rule of Civil Procedure 16(f) provides that a court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order.  Fed. R. Civ. P. 16(f)(1)(A), (C).  One of the sanctions available under Rule 37(b)(2)(A) is dismissing the action.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Federal Rule of Civil Procedure 16 also provides that, instead of or in addition to any other sanction, the Court must order the party to pay the reasonable fees—including the attorneys' fees—incurred because of any noncompliance with the rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 16(f)(2).  Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that a court may issue the sanction of "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

The rules governing Defendant's motion for sanctions related to Plaintiff's failure to respond to discovery requests provide as follows.  Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling disclosure or discovery.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.  However, under Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii), the court must not order the payment if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust.

The district court has discretion to enter discovery sanctions under Rule 37.  *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).  However, that discretion is narrowed where the drastic sanction of dismissal is imposed.  *Id.*  If the district court enters dismissal sanctions, the losing party's noncompliance must have been due to willfulness, fault, or bad faith.  *Id.*  The Ninth Circuit has identified five factors that a district court must consider before dismissing a case as a sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

Here, the Court finds that sanctions are warranted, but that there are less drastic sanctions than case terminating sanctions available. Plaintiff's failure to prepare an Early Neutral Evaluation statement, failure to appear at the status conference, failure to appear at the show cause hearing, and failure to comply with her discovery obligations warrant a sanctions analysis under Federal Rules of Civil Procedure 16 and 37. Similarly, her failure to respond to Defendant's motions constitute her consent to the Court granting them under Local Rule 7-2(d). The question before the Court thus becomes what sanctions are warranted.

Defendant has sought two forms of sanctions: (1) its attorneys' fees and costs; and (2) and case terminating sanctions or an order compelling Plaintiff to respond to Defendant's discovery requests. Regarding the first sanction—attorneys' fees and costs—the Court must consider whether Plaintiff's noncompliance was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 16(f)(2); *see* Fed. R. Civ. P. 37(a)(5)(A); *see* Fed. R. Civ. P. 37(b)(2)(C). However, because Plaintiff has not responded to any of Defendant's filings, the Court is without the ability to determine whether the imposition of sanctions would be unjust or whether Plaintiff's failures to participate in this case are substantially justified. This is particularly true given Plaintiff's two emails to Defendant's counsel. So, the Court will order Plaintiff to show cause in writing why the Court should not impose monetary sanctions in the form of Defendants' attorneys' fees and costs.

Regarding the second sanction—dismissal or allowing the case to move forward and compelling Plaintiff to respond to Defendant's discovery requests—the Court must consider the five factors outlined by the Ninth Circuit. The first factor weighs in favor of dismissal because this case has stalled due to Plaintiff's failure to engage in the Early Neutral Evaluation process and the discovery process. The second factor also weighs in favor of dismissal because of the Court's involvement in this case that Plaintiff's absence has necessitated. The third factor weighs

in favor of dismissal because Defendant has been prejudiced by continually participating in this case without reciprocity from Plaintiff. Defendant has expended attorneys' fees in participating in the status conference, the show cause hearing, and sanctions briefings necessitated by Plaintiff's failure to engage in this case. And Defendant cannot properly defend against Plaintiff's allegations if Plaintiff refuses to engage in discovery. The fourth factor weighs against dismissal because, if this Court were to dismiss Plaintiff's case, it would deprive her of the ability to pursue it on the merits.

Ultimately, however, the fifth factor is determinative here. Although Defendant seeks case terminating sanctions, it also briefed the availability of an order compelling Plaintiff to respond to its discovery requests as an alternative sanction for Plaintiff's failure to respond to discovery. (ECF No. 39 at 17-19). Defendant explains: "if the Court is not inclined to dismiss the action presently at a minimum the Court should: (1) compel Plaintiff to immediately respond to Hilton's written discovery requests that have been pending for four (4) months; (2) impose monetary sanctions in the form of Hilton's attorneys' fees and costs; and (3) issue an Order to Show Cause why case terminating sanctions should not be imposed for Plaintiff's extreme discovery violations." (*Id.* at 19). The Court thus finds that lesser sanctions are available and that they are warranted here, where the Court has no input from Plaintiff. This is particularly true because it appears from Plaintiff's emails that she may have a legitimate reason for failing to fulfil her obligations in this case. The Court will thus refrain from imposing case terminating sanctions at this time and will order Plaintiff to respond to Defendant's discovery requests. The Court will further order Plaintiff to show cause in writing why the Court should not impose case terminating sanctions for her failure to abide by the Court's orders regarding the Early Neutral Evaluation and failure to attend the status conference and show cause hearing regarding that Early Neutral Evaluation.

### III. Extension of time.

Defendant moves to extend the current discovery deadlines by sixty days. (ECF No. 38). Defendant explains that an extension is necessary because of Plaintiff's failure to engage in discovery. Plaintiff did not respond to Defendant's motion, constituting her consent to the Court

granting it. *See* LR 7-2(d). The Court finds that Defendant has shown good cause to extend discovery and grants the motion.

**IT IS THEREFORE ORDERED** that Defendant's motion to extend time (ECF No. 38) is **granted.** The following deadlines shall govern discovery:

| | |
|---|---|
| Expert disclosures: | December 6, 2024 |
| Rebuttal expert disclosures: | January 7, 2025 |
| Discovery cutoff: | February 4, 2025 |
| Dispositive motions: | March 7, 2025 |
| Pretrial order: | April 7, 2025[3] |

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions (ECF No. 39) is **granted in part and denied in part**. It is granted in part regarding Defendant's request that the Court compel Plaintiff to respond to Defendant's discovery requests and show cause why the Court should not recommend terminating sanctions. It is denied in part regarding Defendant's request that the Court dismiss the case.

**IT IS FURTHER ORDERED** that on or before **November 15, 2024,** Plaintiff must do the following:

(1) show cause in writing by filing a response to this order on the docket explaining why the Court should not dismiss Plaintiff's case for her failure to comply with her Early Neutral Evaluation obligations;

(2) show cause in writing by filing a response to this order on the docket explaining why the Court should not order Plaintiff to pay Defendant's attorneys' fees and costs incurred in preparing for and attending the Early Neutral Evaluation status conference, attending the order to show cause hearing, and preparing the motion to compel briefing; and

---

[3] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.