# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Barbara DuBose, | Case No. 2:24-cv-00648-GMN-DJA |
| Plaintiffs, | |
| v. | **Report and Recommendation** |
| Hilton Grand Vacations Club, LLC, | |
| Defendant. | |

This is an employment discrimination case arising out of Plaintiff's employment with Defendant Hilton Grand Vacations Club, LLC. (ECF No. 1-3 at 5-6). Plaintiff, who is proceeding *pro se*, has disengaged from this case, resulting in the Court granting in part Defendant's motion for sanctions in the form of attorneys' fees and dismissal. (ECF No. 42). In granting that motion for sanctions in part, the Court declined to enter sanctions, but ordered Plaintiff to show cause why the Court should not impose the sanctions Defendant requested. (*Id.*). Plaintiff failed to respond to the order to show cause. The Court thus recommends the dismissal of this action.

**I.    Background.**

Defendant removed this action on April 3, 2024. (ECF No. 1). The case was then scheduled for an Early Neutral Evaluation ("ENE") set to take place on July 9, 2024, in front of the Honorable Magistrate Judge Maximiliano D. Couvillier. (ECF No. 7). Plaintiff's counsel withdrew their representation of her on June 20, 2024. (ECF No. 24).

On July 3, 2024, Judge Couvillier entered a minute order noting that Plaintiff had failed to submit her confidential settlement statement. (ECF No. 28). As a result, Judge Couvillier vacated the July 9, 2024, Early Neutral Evaluation and converted it to a status hearing. (*Id.*). Plaintiff did not appear for the status hearing. (ECF No. 29). But later that evening, Plaintiff emailed Defendant's counsel regarding her discovery responses and explained the following:

> Currently, I'm with child and expecting my delivery very soon. I do apologize for my lateness but my child will be delivered very soon. It was a happy surprise as I didn't find out until later on which is why I've been unavailable.
>
> I do need an extension on the interrogatories and to seek counsel. Can we extend this until the end of October if possible?
>
> Again, I apologize for my late response but I'm at the doctor most of the time with the baby being due soon.
>
> Please do let me know if we can extend it and I'll put you in touch with my new counsel once I have obtained legal representation.

(ECF No. 38-3 at 3).

Because Plaintiff did not appear at the July 9, 2024 status conference, Judge Couvillier entered an order for Plaintiff to appear at a hearing on August 8, 2024 to show cause why sanctions should not issue. (ECF No. 30). A few hours before the hearing, Plaintiff responded to an email from Defendant providing her with Defendant's notice of non-opposition that it filed related to Defendant's motion to extend time (ECF Nos. 32, 33). (ECF No. 36-3 at 2). In her email, Plaintiff stated:

> I see the motion was filed without mention of me being pregnant and having a C-Section which is not allowing me to show up in court today.
>
> The motion reads as if I'm evading the court when in fact I was a High Risk Pregnancy. Nor do I have clearance from my doctor to do anything but heal for the next 6-8 weeks.
>
> Please advise and amend the motion to include my reasoning of why I am unable to show up in court due to my child's birth. Also, my new council [sic] hasn't been assigned yet but I'll put them in touch with you once it is finalized.
>
> Again, I'm not ignoring you but I'm healing from a serious surgery to get my child delivered safely along with assigning new council [sic].

(ECF No. 36-3 at 2).[1]

Plaintiff failed to appear at the show cause hearing. (ECF No. 35). Judge Couvillier thus found sanctions to be appropriate and ordered Defendant to file a brief regarding Federal Rule of Civil Procedure 16(f) sanctions in response to Plaintiff's non-compliance with the settlement conference orders and process. (*Id.*). Defendant filed that brief, requesting case terminating or monetary sanctions under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(vii), on August 29, 2024. (ECF No. 36). Plaintiff did not respond to that brief. (ECF No. 37).

On September 16, 2024, Defendant filed a motion to extend time, seeking to extend discovery deadlines by sixty days due to Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 38). Defendant also moved for case terminating sanctions or to compel Plaintiff to respond to its discovery requests under Federal Rule of Civil Procedure 37 for Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 39). Plaintiff did not respond to either motion. (ECF Nos. 40, 41).

On October 17, 2024, the Court granted Defendant's motion to extend time and granted in part and denied in part Defendant's motion for sanctions. (ECF No. 42). In its sanction motion, Defendant sought case terminating sanctions and sanctions in the form of its attorneys' fees and costs incurred in preparing for and attending the Early Neutral Evaluation status conference, attending the order to show cause hearing, and preparing the motion to compel briefing. (ECF No. 39). In addressing Defendant's motions, the Court explained that Plaintiff's failure to respond to Defendant's sanctions motion made it difficult for the Court to determine what sanctions were appropriate. (ECF No. 42 at 5-6). So, the Court refrained from imposing case terminating sanctions and imposing attorney fee sanctions and ordered Plaintiff to show cause in writing why the Court should not dismiss Plaintiff's case and order Plaintiff to pay Defendant's attorneys' fees and costs. (ECF No. 42). The Court also ordered Plaintiff to provide her responses to Defendant's interrogatories and requests for production of documents. (*Id.* at 8).

---

[1] Other than these two emails, Defendant explains that Plaintiff has not responded to its counsel's other emails and has not answered Defendant's counsel's phone calls. (ECF No. 39-3).

1  The Court set November 15, 2024, as the deadline by which Plaintiff must file her responses to
2  the order to show cause and to provide her responses to discovery requests to Defendant. (*Id.* at
3  7-8). The Court also admonished Plaintiff that "if she fails to comply with this order, the Court
4  may recommend dismissal of this case." (*Id.*). The Court also sent Plaintiff a copy of the order.
5  (*Id.*). To date, Plaintiff has not filed anything further in this action.

6  **II.     Legal Standard.**

7  In its original motion for sanctions, Defendant moved for case terminating or monetary
8  sanctions under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(vii) for Plaintiff's failure
9  to attend the Early Neutral Evaluation and for Plaintiff's failure to obey the Court's orders related
10 to that Early Neutral Evaluation. (ECF No. 36). Defendant also moved for case terminating
11 sanctions or to compel Plaintiff to respond to discovery under Federal Rule of Civil Procedure 37
12 for Plaintiff's failure to respond to Defendant's discovery requests. (ECF No. 39).

13 The rules governing Defendant's request for sanctions for Plaintiff's failure to appear at
14 the Early Neutral Evaluation provide as follows. Federal Rule of Civil Procedure 16(f) provides
15 that a court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a
16 party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order.
17 Fed. R. Civ. P. 16(f)(1)(A), (C). One of the sanctions available under Rule 37(b)(2)(A) is
18 dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v). Federal Rule of Civil Procedure 16 also
19 provides that, instead of or in addition to any other sanction, the Court must order the party to pay
20 the reasonable fees—including the attorneys' fees—incurred because of any noncompliance with
21 the rule, unless the noncompliance was substantially justified or other circumstances make an
22 award of expenses unjust. Fed. R. Civ. P. 16(f)(2). Federal Rule of Civil Procedure
23 37(b)(2)(A)(vii) provides that a court may issue the sanction of "treating as contempt of court the
24 failure to obey any order except an order to submit to a physical or mental examination."

25 The rules governing Defendant's request for sanctions related to Plaintiff's failure to
26 respond to discovery requests provide as follows. Federal Rule of Civil Procedure 37(a) allows a
27 party to move for an order compelling disclosure or discovery. Federal Rule of Civil Procedure
28 37(a)(5)(A) provides that, if the motion is granted, the court must, after giving an opportunity to

be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. However, under Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii), the court must not order the payment if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust.

The district court has discretion to enter discovery sanctions under Rule 37. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). However, that discretion is narrowed where the drastic sanction of dismissal is imposed. *Id.* If the district court enters dismissal sanctions, the losing party's noncompliance must have been due to willfulness, fault, or bad faith. *Id.* The Ninth Circuit has identified five factors that a district court must consider before dismissing a case as a sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

**III.     Discussion.**

Here, the Court finds that attorneys' fees and case terminating sanctions are warranted. Plaintiff's repeated failures to participate in this case warrant a sanctions analysis under Federal Rules of Civil Procedure 16 and 37. Regarding attorneys' fees and costs, the Court must consider whether Plaintiff's noncompliance was substantially justified, or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 16(f)(2); *see* Fed. R. Civ. P. 37(a)(5)(A); *see* Fed. R. Civ. P. 37(b)(2)(C). Although Plaintiff has not explained her absence from the ENE-turned-status-conference and related hearings to the Court, she has provided some explanation in emails to Defendant that the Court finds to make an award of expenses unjust. From her emails, it appears that Plaintiff was physically unable to attend the ENE-turned-status-conference and later show cause hearing. While Plaintiff failed to communicate with the Court or communicate sufficiently with Defendant, the Court finds her lack of communication somewhat justified and

declines to recommend monetary sanctions related to the ENE and show cause hearing under Federal Rule of Civil Procedure 16(f)(2).

On the other hand, Plaintiff has failed to explain why she has not responded to Defendant's discovery requests. These requests were due since June 17, 2024, and in her email to Defendant, Plaintiff requested until October to respond. Defendant was ultimately forced to move to compel these responses in late September (ECF No. 39) and the Court granted that motion in October (ECF No. 42), giving Plaintiff even longer—until November 15, 2024—to respond. Yet Plaintiff still failed to respond, and provided no explanation for her prolonged failure to do so. Because the Court has granted Defendant's motion to compel and has given Plaintiff an opportunity to be heard, the Court recommends requiring Plaintiff to pay Defendant's reasonable expenses incurred in bringing its motion to compel (ECF No. 39). Fed. R. Civ. P. 37(a)(5)(A).

Regarding dismissal, the five factors outlined by the Ninth Circuit weigh in favor of dismissing this case. The first factor weighs in favor of dismissal because the case has stalled due to Plaintiff's failure to engage in the case. The second factor also weighs in favor of dismissal because of the Court's involvement in this case that Plaintiff's absence has necessitated. The third factor weighs in favor of dismissal because Defendant has been prejudiced by continually participating in this case without reciprocity from Plaintiff. Defendant has expended attorneys' fees in participating in the status conference, the show cause hearing, and sanctions briefings necessitated by Plaintiff's failure to engage in this case. And Defendant cannot properly defend against Plaintiff's allegations if Plaintiff refuses to engage in discovery. The fourth factor weighs against dismissal, but only slightly, because although dismissing the case would deprive Plaintiff of the ability to pursue it on the merits, Plaintiff appears to have no interest in pursuing the merits of her case. The fifth factor also weighs in favor of dismissal because, as demonstrated by Plaintiff's repeated failures to comply with Court orders, and recent failure to respond to the Court's order to show cause, no lesser sanctions would suffice. The Court thus recommends imposing sanctions in the form of Defendants' attorneys fees and costs and dismissing Plaintiff's case without prejudice.

**IT IS THEREFORE RECOMMENDED** that sanctions be imposed against Plaintiff in the form of Defendant's attorneys' fees and costs incurred in preparing the motion to compel.

**IT IS FURTHER RECOMMENDED** that Plaintiff's case be dismissed without prejudice. The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE