UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Barbara DuBose,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Hilton Grand Vacations Club, LLC,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00648-GMN-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Before the Court is Defendant Hilton Grand Vacations Club, LLC's motion for attorneys' fees.[1] (ECF No. 46). In it, Hilton seeks the attorneys' fees ordered in the Honorable District Judge Gloria M. Navarro's order adopting the undersigned magistrate judge's report and recommendation (Hilton's fees incurred in preparing a motion to compel) and its fees incurred in preparing the motion for attorneys' fees. Plaintiff Barbara DuBose did not respond to the motion, constituting her consent to the Court granting it under Local Rule 7-2(d). However, the Court is still obligated to scrutinize an attorney fee request, even where an opposing party does not defend itself. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (explaining that "[i]n a case in which a defendant fails to appear or otherwise defend itself…the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court"); *see* LR 54-14(d) ("[i]f no opposition is filed, the court may grant the motion after independent review of the record").

Here, the Court uses the lodestar method to scrutinize Hilton's fees. That is the method that Hilton espouses in its motion. It is also the method that has "achieved dominance in the

---

[1] Throughout its motion, Hilton asserts that it is entitled to its attorneys' fees and costs in the amount of $3,107.50. However, Hilton's accounting indicates that this amount includes only attorneys' fees and not costs. So, the Court only refers to awarding Hilton its attorneys' fees and not its costs.

federal courts and is the guiding light of the Supreme Court's fee-shifting jurisprudence." *Id.* (internal citations and quotations omitted) (cleaned up).

The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "[T]here is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotation omitted). Requests for attorney's fees must also meet the requirements of this district's Local Rule 54-14, which requires any fee application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and a "brief summary" of 13 categories of information. L.R. 54-14(a)–(b).

After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

I.   **The lodestar figure.**

Hilton requests a total award of $3,107.50 in attorneys' fees. It explains that the amount of time billed totals 12.10 hours with 8.10 of those hours spent preparing the motion to compel and 4 hours spent preparing the motion for attorneys' fees. Of Counsel Amy L. Thompson billed 2.6 of those hours (1.6 on the motion to compel and 1 on the motion for attorneys' fees) at a rate

of $300 per hour. Associate Attorney Michael D. Dissinger spent 9.5 hours (6.5 on the motion to compel and 3 on the motion for attorneys' fees) at a rate of $245 per hour. The Court will consider the lodestar analysis for both the time that counsel spent preparing the motion to compel and preparing the instant motion for attorneys' fees. *See Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *7 (D. Nev. Sept. 20, 2013) (discussing the "general principle that a party entitled to recover attorneys' fees should also recover the reasonable attorneys' fees incurred in obtaining a fee award); *see, e.g.*, *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (indicating that "fees on fees" are recoverable under 42 U.S.C. § 1988); *see also SOC-SMG, Inc. v. Christian & Timbers*, No. 3:08-cv-00392-ECR-VPC, 2010 WL 2085076, *7 (D. Nev. May 20, 2010) (awarding fees under Rule 37 for "fees on fees" based on same principle); *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07-cv-01994-DMS-BLM, 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008) (same).

  **a. Reasonableness of hours expended.**

In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary. *Id.* Here, the Court has reviewed the hours expended by both Thompson and Dissinger and finds that they are reasonable. Thompson and Dissinger adequately documented the hours they spent on the matters at issue and the matters were reasonably staffed such that hours were not duplicated. The hours spent were not excessive or otherwise unnecessary.

  **b. Reasonableness of hourly rates charged.**

Reasonable hourly rates should be based on the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). For the Las Vegas market, the District of Nevada has regularly awarded fees where the hourly rates at issue were between $250 and $400. *Goldberg v. Barreca*, No. 2:17-cv-02106-JCM-VCF, 2022 WL 960532, at *3 (D.

Nev. Mar. 30, 2022) (compiling cases).  Thompson and Dissinger's rates fall well within this range and the Court finds that they are reasonable.

> II. **The *Kerr* and Local Rule 54-14 factors.**

Regarding the results obtained and the amount involved, counsel for Hilton obtained a favorable result for their client and the Court has already found that counsel expended a reasonable amount in doing so.  Additionally, the Court only awarded fees and costs for Hilton's motion to compel, even though Hilton originally also requested its fees and costs incurred in preparing for and attending the Early Neutral Evaluation status conference and attending the order to show cause hearing that Plaintiff missed.  So, the amount involved is ultimately less than what Hilton requested.

Regarding the time and labor involved in this case, the Court has already considered this factor in conducting the lodestar analysis.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) ("the court must decide whether to enhance or reduce the lodestar figure based on evaluation of the *Kerr* factors *that are not already subsumed in the initial lodestar calculation*") (emphasis added).  Regarding the novelty and difficulty of the questions involved, counsel concedes that the issues in this action were not novel.  But they emphasize that their motion practice was thorough, and the Court has already found it to be successful.  Regarding the skill requisite to perform the legal service properly, counsel points out that they are seasoned labor and employment attorneys, which skill was necessary to address Plaintiff's labor case and the attendant motions in it.

Regarding preclusion of other employment, counsel also concedes that this matter did not preclude them entirely from working on other matters.  But counsel persuasively points out that Plaintiff's refusal to engage in this case required counsel to expend time they otherwise would not have had to expend.  Regarding whether their fee is customary, the Court has already found that the fees in this case are consistent with fees other Las Vegas attorneys charge and that courts have found reasonable.  *See Fischer*, 214 F.3d at 1119.

Regarding whether the fee is fixed or contingent, counsel points out that their fee is fixed, but persuasively adds that this factor has no bearing on the Court's analysis here.  *See Davis v.*

*City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992) *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (explaining that Supreme Court's case in *City of Burlington v. Dague*, 505 U.S. 557, (1992), "represents an outright rejection of contingency as a factor relevant to the establishment of a reasonable fee"). Regarding the time limitations imposed by the client or the circumstances, counsel points out that there were no unusual time limitations or extenuating circumstances affecting the timeliness of Hilton's motion to compel. So, this factor is not as weighty in the Court's analysis. Regarding the experience, reputation, and ability of the attorneys, both attorneys attach their biographies indicating the fact that they have nearly twenty years of combined experience.

Regarding the undesirability of the case, counsel concedes that this case was not undesirable and so this factor should not affect the Court's analysis. Regarding the nature and length of the professional relationship that counsel has with its client, counsel points out that they routinely represent Hilton in employment matters. Finaly, regarding awards in similar cases, counsel outlines two cases in which courts in the District of Nevada have awarded similar awards to what Hilton seeks here. *Buchanan v. Las Vegas Metropolitan Police Dept.*, No. 2:11-cv-00271-RCJ-GWF, 2012 WL 3516526 (D. Nev. Aug. 15, 2012) (referencing a $3,500.00 fee award related to a motion to compel discovery); *Kristensen v. Credit Payment Services, Inc.*, No. 2:12-cv-00528-APG-PAL, 2015 WL 327702 (D. Nev. Jan. 23, 2015) (awarding $8,736.00 for 22.4 hours of work related to motion to compel discovery). This is persuasive to the Court that the amount that Hilton seeks is reasonable.

Having considered the factors outlined in *Kerr* and Local Rule 54-14(a)(3), the Court does not find that Hilton's requested fees need to be adjusted. So, the Court recommends granting Hilton's motion for attorneys' fees. The Court recommends awarding Hilton its fees in the total amount of $3,107.50.

///

///

///

**ORDER**

**IT IS ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Hilton's motion for attorneys' fees (ECF No. 46) be **granted** and that Plaintiff be ordered to pay the law firm of Littler Mendelson, P.C. its attorneys' fees totaling $3,107.50.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: April 21, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE